# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG MOSS, : | |
| Petitioner, : | |
| : | CIVIL ACTION NO. 1:19-CV-106 |
| v. : | |
| : | Judge Sylvia H. Rambo |
| SUPERINTENDENT : | |
| DEBLASO, *et al.*, : | |
| Respondents. : | |

## MEMORANDUM

Before the Court for disposition is Magistrate Judge Martin C. Carlson's Report and Recommendation ("R&R," ECF No. 6), which recommends that Petitioner Craig Moss's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1 ("§ 2254 Petition")) be dismissed without prejudice to renewal once Moss has exhausted his state remedies and that his Motion for Temporary Stay and Abeyance be denied. Moss has filed an Objection to the R&R. For the reasons set forth below, Moss's objection will be sustained, and the R&R will be rejected.

## I. BACKGROUND

Moss was tried and convicted in the Court of Common Pleas for York County of simple assault, possession of an instrument of crime, and two counts of harassment. (§ 2254 Pet. at 1.) On April 9, 2018, he was sentenced to a minimum of one (1) year minus (1) day and a maximum of two (2) years minus two (2) days of incarceration. (*Id.*) Moss's direct appeal of his convictions and sentence is still

pending before the Superior Court of Pennsylvania. (*Id.* at 2.) Magistrate Judge Carlson found that Moss had "not provided sufficient justification or excuse for [his] failure to exhaust his state legal remedies which would warrant foregoing the exhaustion requirement that is plainly prescribed by law." (R&R at 9.)

In his Objection to the R&R, Moss argues that he has met the three (3) requirements for a stay and abeyance as set forth in *Rhines v. Weber*, 544 U.S. 269 (2005). (Objs. at 1.) Specifically, Moss contends that the Respondents "[deliberately] delayed calling [his] case to trial until after 14 months of pretrial confinement." (*Id.* at 1-2.) He also asserts that the Court of Common Pleas "still refuses to forward [his] case to the State Superior court, despite being ordered to do such in November of 2018." (*Id.* at 2.) Finally, Moss argues that if this Court does not stay this action, he will "never be able to file a habeas corpus to challenge the violations of his federal [constitutional] rights as [he] is no longer in custody for this conviction [because his] sentence expired on January 14, 2019." (*Id.*)

## II. LEGAL STANDARD

When objections are timely filed to a magistrate judge's report and recommendation, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. § 636(c); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the

recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citation omitted). Nonetheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31.

## III. DISCUSSION

As noted above, Moss objects to Magistrate Judge Carlson's recommendation to dismiss his § 2254 Petition without prejudice rather than staying it pending Moss's exhaustion of his state remedies. Specifically, Moss contends that the Respondents "[deliberately] delayed calling [his] case to trial until after 14 months of pretrial confinement." (*Id.* at 1-2.) He also asserts that the Court of Common Pleas "still refuses to forward [his] case to the State Superior court, despite being ordered to do such in November of 2018." (*Id.* at 2.) Finally, Moss argues that if this Court does not stay this action, he will "never be able to file a habeas corpus to challenge the

3

violations of his federal [constitutional] rights as [he] is no longer in custody for this conviction [because his] sentence expired on January 14, 2019." (*Id.*)

Under 28 U.S.C. § 2254(c)(3), federal district courts have jurisdiction to entertain petitions for *habeas corpus* relief only from individuals who are "in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has interpreted this language to require that the petitioner be "in custody" under the conviction or sentence he seeks to attack at the time his petition is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). State prisoners seeking relief under § 2254 must also satisfy several procedural prerequisites, one of which requires them to "exhaust[] the remedies available in the court of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). Thus, a petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." *Id.* § 2254(c).

When presented with a *habeas* petition that contains unexhausted claims, federal courts have a choice of available actions. First, the petition can be dismissed without prejudice, allowing the petitioner to either return to state court to exhaust his claims or proceed in federal court on a petition that raises only fully exhausted issues. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). However, recognizing that

some petitioners may be unable to fully exhaust their state remedies, as required by 28 U.S.C. § 2254(b) & (c), without other procedural dilemmas arising, the Supreme Court has set forth a "stay and abeyance" procedure through which the federal petition is stayed pending exhaustion of state remedies. *See Rhines v. Weber*, 544 U.S. 269 (2005). In order to qualify for a stay and abeyance, the petitioner should "satisf[y] the three requirements for a stay as laid out in *Rhines*: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics." *Heleva v. Brooks*, 581 F.3d 197, 192 (3d Cir. 2009). A stay and abeyance "is available even when a petitioner has exhausted none of the claims in his petition," as is the case here. *Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013) (per curiam) (citing *Heleva*, 581 F.3d at 192).

Upon consideration of Moss's objection, the Court concludes that he has demonstrated good cause warranting a stay and abeyance of this proceeding. As noted above, Moss was sentenced to a minimum of one (1) year minus one (1) day and a maximum of two (2) years minus two (2) days of incarceration. Public dockets reflect that he received credit for time served, *see Commonwealth v. Moss*, Docket No. CP-67-CR-0001471-2017 (York Cty. Common Pleas), which Moss indicates was approximately 14 months of pretrial confinement (Obj. at 2). Moss argues that his sentence expired on January 14, 2019 and that he is therefore not eligible to file a state Post Conviction Relief Act ("PCRA") petition. (Obj. at 2.)

There is merit to Moss's concern. Under Pennsylvania law, PCRA relief only extends to those "currently serving a sentence of imprisonment, probation or parole for the crime" challenged. 42 Pa. Cons. Stat. § 9543(a)(1)(i); *see also Commonwealth v. O'Berg*, 880 A.2d 597, 599 (Pa. 2005). PCRA relief is unavailable to an individual who completes his sentence, no matter the collateral consequences of that sentence. *Commonwealth v. Hart*, 911 A.2d 939, 942 (Pa. Super. Ct. 2006). Conversely, "the federal 'in custody' requirement simply looks to the date that the petition is filed, and completion of a prisoner's sentence does not moot the petition." *Gerber*, 512 F. App'x at 135 (citing *Leyva v. Williams*, 504 F.3d 357, 363, 368 n.16 (3d Cir. 2007)). Thus, if Moss is now not in custody on the conviction and sentence he seeks to challenge in these proceedings, he will not be able to file a state PCRA petition once his direct appeal is completed and may not be "in custody" for purposes of later filing a new federal *habeas* petition once he has exhausted available state remedies. Accordingly, under the circumstances presented by Moss in support of "good cause," and being mindful that *Rhines* counsels in favor of a stay of litigation pending exhaustion of state court remedies of a petitioner's unexhausted claims, the Court will stay litigation in these proceedings. However, this stay will be conditioned upon Moss returning to this Court within thirty (30) days of the conclusion of his state court proceedings related to his York County conviction. *See Rhines*, 544 U.S. at 278 (noting that "district courts should place

reasonable time limits on a petitioner's trip to state court and back") (citing *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001) (thirty days is a reasonable time interval to give a petition to return to federal court following pendency of state court proceedings)).

## IV. CONCLUSION

For the foregoing reasons, the Court will sustain Moss's objection and reject the R&R. The Court will therefore grant Moss's Motion for Temporary Stay and Abeyance and stay litigation in this *habeas corpus* proceeding pending Moss's exhaustion of his claims and available state court remedies. A separate Order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: March 21, 2019