IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG MOSS, : | |
|     Petitioner : | |
| : | No. 1:19-cv-106 |
|     v. : | |
| : | (Judge Rambo) |
| SUPERINTENDENT : | |
| DEBALSO, *et al.*, : | |
|     Respondents : | |

## MEMORANDUM

Presently before the Court are *pro se* Petitioner Craig Moss ("Petitioner")'s amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 11) and Respondents' motion to dismiss the § 2254 petition for lack of jurisdiction or, in the alternative, as moot (Doc. No. 16) and motion to stay (Doc. No. 17) the Court's April 13, 2020 show cause Order (Doc. No. 14). Petitioner has filed neither a response to the motions nor a motion seeking an extension of time to do so. Accordingly, the motions are ripe for disposition. For the following reasons, the Court will grant the motion to dismiss, dismiss Petitioner's § 2254 petition for lack of jurisdiction, and deny as moot Respondents' motion to stay.

**I.  BACKGROUND**

On January 15, 2017, in York County, Pennsylvania, Petitioner was arrested and charged with: (1) terroristic threats with the intent to terrorize another; (2) possession of an instrument of crime; (3) simple assault; (4) public drunkenness; (5)

disorderly conduct engaging in fighting; and (6) three (3) counts of harassment. *See Commonwealth v. Moss*, Docket No. CP-67-CR-0001471-2017 (York Cty. C.C.P.). A mistrial was declared on March 8, 2018. *Id.* Following retrial on March 18, 2018, Petitioner was found guilty of possession of an instrument of crime, simple assault, and two (2) counts of harassment. *Id.* On April 9, 2018, Petitioner was sentenced to one (1) year minus one (1) day to two (2) years minus two (2) days of incarceration, with credit for time served. *Id.* Petitioner subsequently filed a timely post-sentence motion, which the trial court denied. *Id.* On September 12, 2018, Petitioner filed his notice of appeal to the Superior Court of Pennsylvania. *Id.*

On January 17, 2019, while his direct appeal was still pending, Petitioner filed his initial § 2254 petition (Doc. No. 1) and a motion for a temporary stay and abeyance (Doc. No. 2) with this Court. In a Report and Recommendation entered on February 1, 2019, Magistrate Judge Carlson recommended that Petitioner's motion for a stay and abeyance be denied and that his § 2254 petition be dismissed without prejudice to Petitioner's right to refile his petition once he exhausted his state court remedies. (Doc. No. 6.) Petitioner filed timely objections, asserting that he met the three (3) requirements for a stay and abeyance set forth in *Rhines v. Weber*, 544 U.S. 269 (2009). (Doc. No. 7.) Petitioner argued that if the Court did not stay the action, he would "never be able to file a habeas corpus to challenge the violations of his federal [constitutional] rights as he is no longer in custody for this

2

conviction." (*Id.* at 2.) In a Memorandum and Order entered on March 21, 2019, the Court sustained Petitioner's objections, rejected the Report and Recommendation, granted Petitioner's motion for a stay and abeyance, and stayed the above-captioned case pending Petitioner's exhaustion of his available state court remedies. (Doc. Nos. 8, 9.) The Court directed Petitioner to notify the Court of such within thirty (30) days from the time of final denial and request that the stay be vacated. (Doc. No. 9.)

On February 10, 2020, the Superior Court of Pennsylvania affirmed Petitioner's judgment of sentence. *See Commonwealth v. Moss*, No. 1533 MDA 2018, 2020 WL 618580, at *1 (Pa. Super. Ct. Feb. 10, 2020). On February 19, 2020, Petitioner filed a motion to proceed (Doc. No. 10) and an amended § 2254 petition (Doc. No. 11). Those filings indicate that Petitioner is no longer incarcerated. In an Order dated February 25, 2020, the Court granted Petitioner's motion to proceed and lifted the stay. (Doc. No. 12.) In an administrative Order dated that same day, the Court advised Petitioner of the limitations on filing future § 2254 petitions and directed him to complete the enclosed Notice of Election and return it to the Court within forty-five (45) days. (Doc. No. 13.) Petitioner did not return the Notice of Election. Accordingly, on April 13, 2020, the Court directed Respondents to file an answer, motion, or other response to the amended § 2254 petition within twenty (20) days. (Doc. No. 14.)

3

On April 23, 2020, Respondents filed their motion to dismiss for lack of jurisdiction or, in the alternative, as moot. (Doc. No. 16.) Respondents assert that the Court lacks jurisdiction because Petitioner's York County sentence expired on November 11, 2018, and, therefore, he was not in custody for purposes of that conviction when he filed his initial § 2254 petition. (*Id.* at 2-3.) In support, Respondents have attached a copy of a York County Pre-Parole Investigation and Order indicating that Petitioner received 512 days of credit toward his sentence and that the maximum date of his sentence was November 11, 2018. (Doc. No. 16-1 at 1.) Respondents note that Petitioner "was in custody due to his state parole violation which resulted from his conviction in the instant case at the time his [original § 2254 petition] was filed." (Doc. No. 16 at 3.) They assert, however, that "even if this Court were to liberally construe [Petitioner's] Petition as an attack on his subsequently received parole revocation, such challenge was rendered moot upon [Petitioner's] completion of the parole violation sentence and release from incarceration." (*Id.* at 3-4.) Respondents have also filed a motion "to temporarily stay the deadline to file a full and complete response to the merits of [Petitioner's] Petition" pending resolution of their motion to dismiss. (Doc. No. 17.)

## II.    DISCUSSION

"A federal court has jurisdiction to entertain a petition for a writ of habeas corpus under § 2254 only if the petitioner was 'in custody pursuant to the judgment

4

of a State court' when the petition was filed." *Piasecki v. Court of Common Pleas*, 917 F.3d 161, 165-66 (3d Cir. 2019) (quoting 28 U.S.C. § 2254(a)). A petitioner is in custody "when []he suffers a 'non-negligible restraint on [his] physical liberty' because of a particular conviction." *Orie v. Sec'y Pa. Dep't of Corr.*, 940 F.3d 845, 850 (3d Cir. 2019) (quoting *Piasecki*, 917 F.3 at 166). For jurisdiction to exist, the petitioner must be in "'custody' that arises 'pursuant to the judgment of a state court' that is under attack." *Piasecki*, 917 F.3d at 166; *see also Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) (noting that "for a federal court to have jurisdiction, a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed"). Custody for each offense is considered independently. *See Maleng v. Cook*, 490 U.S. 488, 490-92 (1989). "In other words, a defendant convicted of multiple offenses can be in custody for one but not for another." *Orie*, 940 F.3d at 850.

The Supreme Court has "never held . . . that a petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Maleng*, 490 U.S. at 491 (emphasis in original); *see also Bolus v. Dist. Att'y of Lackawanna Cty.*, No. 3:01-cv-1990, 2001 WL 1352120, at *1 (M.D. Pa. Oct. 26, 2001) (noting that "no court has held that a habeas petition is in custody when a sentence imposed for a particular conviction had fully expired at the time the petition was filed"). Therefore, "once the sentence imposed for a

conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack on it." *Id.* at 492. Even if a conviction is used to enhance a subsequent criminal sentence, "the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 404 (2001).[1]

As noted above, the trial court sentenced Petitioner to one (1) year minus one (1) day to two (2) years minus two (2) days of incarceration, with credit for time served. *Moss*, Docket No. CP-67-CR-0001471-2017. The record reflects that Petitioner received a total of 512 days of credit. (Doc. No. 16-1 at 1.) His minimum sentence date was November 11, 2017, and his maximum sentence expiration date was November 11, 2018. (*Id.*) The sentencing judge granted Petitioner parole[2] on August 30, 2018, and Petitioner was returned to SCI Mahanoy to continue serving his other sentences. (*Id.*) Nothing in the record, however, suggests that Petitioner's maximum sentence date was extended beyond November 11, 2018 and that he was

---

[1] The Supreme Court "recognize[d] an exception to the general rule for § 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment." *Coss*, 532 U.S. at 404.

[2] In Pennsylvania, sentencing judges have parole authority where the maximum sentence is less than two (2) years. *See Commonwealth v. McKnight*, No. 206 EDA 2009, 2013 WL 11250955, at *2 (Pa. Super. Ct. Nov. 22, 2013).

not discharged from his York County sentence at that time. Petitioner initiated the above-captioned case on January 10, 2019, when he placed his initial § 2254 petition in the prison mailing system for mailing to this Court. (Doc. No. 1 at 13); *see Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's document is filed at the time he places it in the prison mailing system for forwarding to the court). Petitioner, therefore, initiated this matter two (2) months after the sentence he seeks to challenge had fully expired. Although Petitioner was incarcerated and serving other sentences when he filed his initial § 2254 petition, he was not in custody for purposes of the York County sentence that he seeks to challenge in this matter. Thus, because Petitioner was not in custody under the conviction and sentence he now wishes to attack, the Court lacks jurisdiction over his § 2254 petition. *See Maleng*, 490 U.S. at 491; *Orie*, 940 F.3d at 850; *Piasecki*, 917 F.3d at 166; *Obado*, 328 F.3d at 717; *Bolus*, 2001 WL 1352120, at *1. The Court, therefore, will grant Respondents' motion to dismiss Petitioner's petition for lack of jurisdiction.[3]

## III.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order

---

[3] In the alternative, Respondents assert that Petitioner's § 2254 petition should be dismissed as moot "even if this Court were to liberally construe [it] as an attack on his subsequently received parole violation." (Doc. No. 16 at 3-4.) The Court, however, does not construe Petitioner to be raising such an attack, as both his original and amended § 2254 petitions make no mention of his parole violation.

in a proceeding initiated pursuant to 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In the case at bar, jurists of reason would not find the procedural disposition of this case debatable.  Accordingly, the Court will not issue a COA in this case.

**IV.   CONCLUSION**

For the following reasons, Respondents' motion to dismiss (Doc. No. 16) will be granted, and Petitioner's initial § 2254 petition (Doc. No. 1) and amended § 2254 petition (Doc. No. 11) will be dismissed for lack of jurisdiction because Petitioner was not "in custody" for purposes of his York County sentence at the time he

initiated the above-captioned case.  Respondents' motion to stay (Doc. No. 17) will be denied as moot.  An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: May 18, 2020